IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| v. | § | Cr. No. C-05-490 (1) |
| | § | |
| BURT FLORES, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR CREDIT TO FEDERAL SENTENCE**

Pending before the Court is Defendant Burt Flores' ("Flores") motion titled as a "Request to Have State Sentence Credited to Federal Sentence." (D.E. 23.) It was received by the Clerk on April 8, 2008. In it, Flores explains that he is about to begin service of his sentence in the instant case and that he wants the time he served for a previously-imposed state sentence in Cause Numbers 05CR1372 and 05CR1287 to be credited toward his federal sentence. (D.E. 23 at 1).

As discussed in more detail below, the judgment in this case is clear that Flores serve his federal sentence consecutive to his previously-imposed state sentences. Thus, to order that they now run concurrent would be a change or reduction in his sentence, which this Court does not have authority to order.

Moreover, to the extent that Flores seeks to challenge the Bureau of Prison's computation of his sentence, the proper vehicle for seeking such relief is a petition for habeas corpus, pursuant to 28 U.S.C. § 2241, which he has not filed. His motion is

1

therefore DENIED.

## I. BACKGROUND

On October 26, 2005, Flores pleaded guilty to the sole count of the indictment against him, which charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (D.E. 1, 14.) He was sentenced by this Court on January 20, 2006 to 140 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and a $100.00 special assessment. (D.E. 18, 20).

The Court also expressly ordered that his sentence in this case should be served consecutive to his state sentences. (D.E. 18, 20.) Specifically, Flores' judgment provides that his 140-month term "is to be served consecutively to the undischarged terms of imprisonment in Cause Nos. 04-CR-0520, 05-CR-1287, and 05-CR-1372." (D.E. 20 at 2.) These prior convictions are all state convictions and were referenced in Flores' Presentence Investigation Report. (See PSR at ¶¶ 39-41). He was serving a concurrent sentence on all three of these convictions at the time that he was borrowed into federal custody for sentencing in the instant case. (See PSR at ¶¶ 39-41.)

Written judgment of his conviction and sentence was entered on January 24, 2006. (D.E. 125). Flores did not appeal.

In his motion now pending before the Court, Flores asks that the Court give him credit for the years he served for his convictions in 05CR1372 and 05CR1287. (D.E. 23;

PSR at ¶¶ 39-41.) These were two of the state sentences, however, that this Court expressly ruled should run consecutive to his sentence in the instant case. (See D.E. 20 at 2.) Thus, what Flores essentially is asking is that the Court amend its judgment in his criminal case to reflect that his sentence in the instant case be served concurrently with his state sentences.

This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Flores does not assert grounds for modification that fall into any of these categories. Therefore, the Court does not have authority to alter Flores' sentence.

To the extent that Flores is challenging the Bureau of Prison's computation of his sentence or his release date, such challenge is properly brought in a motion under 28 U.S.C. § 2241. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner

attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2. (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241). See also Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003) (analyzing claim for credit under § 2241).

If Flores elects to file a § 2241 motion, he should file it in the district where he is incarcerated. See Pack, 218 F.3d at 451. He is currently incarcerated in Cuero, Texas, which is in De Witt County and served by the Southern District of Texas, Victoria Division. 28 U.S.C. § 124 (b)(5). Thus, assuming he remains incarcerated in Cuero, Flores should file any § 2241 petition in the Victoria Division of this Court.[1]

### III. CONCLUSION

For the foregoing reasons, Flores' motion for credit to his federal sentence (D.E. 23) is DENIED.

ORDERED this 14th day of April, 2008.

_Hayden Head_
HAYDEN HEAD
CHIEF JUDGE

---

[1] The law also requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335 (1992). Flores' motion does not allege that he has exhausted his administrative remedies, and he would need to so allege in any § 2241 petition he files.